**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CHARLES EDWARD PEGUES**                                        **PETITIONER**

**v.**                                                           **No. 3:07CV155-P-A**

**RAYMOND BYRD, ET AL.**                                         **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Charles Edward Pegues for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. The petitioner has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the instant motion to dismiss shall be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

Charles Edward Pegues pled guilty to possession of cocaine in the Circuit Court of Lafayette County, Mississippi. He was sentenced January 10, 2005, as a habitual offender to serve a sentence of sixteen years in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. Pegues signed a motion for post-conviction relief on January 9, 2006, that was stamped as filed in that court on March 3, 2006. Pegues' motion was denied by the Lafayette County Circuit Court on June 14, 2006, as being without merit. Pegues appealed the lower court's denial of relief; however, Pegues' appeal was dismissed on August 15, 2006 for failure to pay the costs. Pegues' filed a motion to reinstate September 11, 2006, which the Mississippi Supreme Court denied on September 15, 2006. He filed the instant federal petition for a writ of *habeas corpus* on

November 28, 2007.

## One Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Pegues' conviction became final on February 9, 2005, thirty days after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The federal *habeas corpus* limitations period was tolled for a period of 218 days – the number of days that Pegues' application for post-conviction relief was pending in state court (January 9, 2006, through August 15, 2006). The petitioner's motion to reinstate his appeal did not serve to toll the limitations period, as his appeal had already been dismissed. This would place the deadline for seeking federal *habeas corpus* review on September 15, 2006 (one year from February 9, 2005,

plus 218 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on November 15, 2007, and the date it was received and stamped as "filed" in the district court on November 28, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 426 days after the September 15, 2006, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 7th day of August, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE